UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Conservation Law Foundation, Inc.,<br><br>                    Plaintiff,<br><br>   v.<br><br>Longwood Venues & Destinations, Inc., Wychmere Harbor Real Estate, LLC, Wychmere Shores Condominium Trust, Jeffrey M. Feuerman, Joseph F. McKenney, Barry J. Goldy, Beach Club Management, LLC, Harbor Club Management, LLC, Atlas Investment Group, LLC, and Wychmere Holdings Corp.,<br><br>                    Defendants. | Case No. 1:18-cv-11821-WGY |

## JOINT MOTION TO LODGE AND ENTER CONSENT DECREE

Plaintiff Conservation Law Foundation, Inc. ("CLF") and Defendants Longwood Venues & Destinations, Inc., Wychmere Harbor Real Estate, LLC, Wychmere Shores Condominium Trust, Jeffrey M. Feuerman, Joseph F. McKenney, Barry J. Goldy, Beach Club Management, LLC, Harbor Club Management, LLC, Atlas Investment Group, LLC, and Wychmere Holdings Corp. (together the "Defendants") (jointly "the Parties") respectfully submit this joint motion to lodge the Consent Decree, attached as Exhibit A, with the Court for later entry in accordance with this joint motion.

1.     On August 24, 2018, CLF filed its initial Complaint against Longwood Venues & Destinations, Inc., Wychmere Harbor Real Estate, LLC, Wychmere Shores Condominium Trust, Jeffrey M. Feuerman, Joseph F. McKenney, Barry J. Goldy, Beach Club Management, LLC, Harbor Club Management, LLC, Atlas Investment Group, LLC, and Wychmere Holdings Corp. (together the "Defendants") (collectively "the Parties"). ECF No. 1 (the "CWA Case").

2. CLF amended its Complaint on March 12, 2019, adding additional defendants. ECF No. 34.

3. The Amended Complaint asserted claims under the Clean Water Act (the "CWA"). It alleges that the Defendants' operation of a waste water treatment facility serving the Wychmere Beach Club, and in particular, the discharge of treated effluent to leach pits from which the effluent leaches into soil (and much ultimately into groundwater) violates the CWA. *Id.* ¶¶ 3-9. Plaintiff's theory asserts that Defendants have violated the CWA because: (1) the treated effluent contains pollutants, (2) the groundwater is hydrologically connected to Wychmere Harbor, (3) the Harbor is a "navigable water" (or "Water of the United States") so that (4) the facility is a "point source" from which pollutants are "discharged" into navigable waters, and (5) the Defendants do not have a National Pollutant Discharge Elimination System Permit for the discharges. *Id.* ¶¶ 3-9.

4. Defendants operate the waste water treatment facility pursuant to the Individual Groundwater Discharge Permit No. 324-4 issued by the Massachusetts Department of Environmental Protection dated November 19, 2018, which permits discharges of nitrogen containing effluent to groundwater.

5. On August 2, 2019, CLF filed a complaint in a separate case based upon the same facts alleging two counts against Defendants: (1) for unlawful practice and disposal of solid waste under the Resource Conservation and Recovery Act ("RCRA"); and (2) for presenting an imminent and substantial endangerment to health and the environment. *See* Case No. 1:19-cv-11672-WGY (D. Mass), ECF No. 1 (the "RCRA Case").

6. On September 4, 2019, Defendants filed a motion to dismiss in the RCRA Case. RCRA Case, ECF No. 17.

7. On September 20, 2019, the Parties filed cross motions for summary judgment in the CWA Case. ECF Nos. 76, 81.

8. On November 2, 2019, the Court denied the motion to dismiss the RCRA Case. RCRA Case, ECF No. 32 at 6-7.

9. On November 26, 2019, the Court issued a Memorandum and Order granting Defendants' motion for summary judgment and denying CLF's motion in the CWA Case. ECF No. 108 ("Summary Judgment Order"). In the Summary Judgment Order, the Court afforded *Chevron* deference to a recent EPA Interpretive Statement that concluded that discharges to groundwater are categorically excluded from the Clean Water Act. The Court entered judgment in favor of Defendants. ECF No. 109.

10. CLF filed a timely Notice of Appeal on December 20, 2019. ECF No. 110.

11. The United States Court of Appeals for the First Circuit docketed the appeal on January 7, 2020 ("CWA Appeal").

12. On January 16, 2020, CLF filed an Amended Complaint in the RCRA Case. RCRA Case, ECF No. 39.

13. On January 24, 2020, the Parties filed a joint motion to extend the deadline for Defendants to answer the Amended Complaint in the RCRA Case because the Parties had reached a tentative settlement. RCRA Case, ECF No. 40. The Court granted the motion on January 28, 2020.

14. On February 26, 2020, the First Circuit allowed the Parties' "joint motion for a stay of this appeal pending the final decision of the United States Supreme Court in [*Maui*], or a report of final settlement from the parties."

15. On April 23, 2020, the United States Supreme Court issued its opinion in *Maui*. In that opinion, the Supreme Court determined that EPA's Interpretive Statement was "neither persuasive nor reasonable," stating "[w]e hold that the statute requires a permit when there is a direct discharge from a point source into navigable waters or when there is the functional

equivalent of a direct discharge." *Cty. of Maui v. Haw. Wildlife Fund*, 140 S. Ct. 1462, 1474, 1476-77 (2020).

16.  On April 30, 2020, the Parties field a joint motion to extend further the deadline for Defendants to answer the Amended Complaint in the RCRA Case in light of the *Maui* decision and delay in finalizing a settlement agreement caused by the COVID-19 pandemic. RCRA Case ECF No. 43.

17.  Following the Supreme Court's ruling, the Parties conferred and after negotiations, agreed to a settlement of both the CWA Case and the RCRA Case, memorialized in a proposed Consent Decree

18.  On May 26, 2020, the Parties filed a Joint Motion for Summary Disposition in the CWA Appeal, asking the First Circuit to (1) vacate the Judgment, (2) vacate the portion of the Summary Judgment Order affording *Chevron* deference to the EPA Interpretive Statement, (3) and remand the case to the District Court for entry of the proposed Consent Decree. *See Conservation Law Found., Inc. v. Longwood Venues & Destinations, et al.*, C.A. No. 20-1024 (1st Cir. May 26, 2020), Joint Motion for Summary Disposition. The Parties attached the proposed consent decree to the motion.

19.  On October 14, 2020, the First Circuit granted the Motion for Summary Disposition, stating: "In light of the joint motion for summary disposition, the November 2019 Judgment of the district court is vacated and the matter is remanded for further proceedings consistent with *County of Maui v. Hawai'i Wildlife Fund*, 140 S. Ct. 1462 (Apr. 23, 2020). The parties are free to apply to the district court for any additional relief."

20.  On November 4, 2020, the First Circuit issued its formal mandate.

21.  The Consent Decree represents a settlement of all claims presented by Plaintiffs against Defendant in the CWA Case and the RCRA Case. Upon entry of the Consent Decree in

the CWA Case, CLF agrees to voluntarily dismiss the RCRA case with prejudice. *See* Consent Decree § VII.3. The parties represent that the settlement terms are appropriate, reasonable, and in the public interest.

22. Under Section 505(c)(3) of the Clean Water Act and 40 C.F.R. § 135.5(b), the United States has 45 days from receipt of a proposed consent judgment by the Department of Justice Citizen Suit Coordinator (on behalf of the Attorney General) and the U.S. Environmental Protection Agency to review the proposed consent judgment and provide any comments to the Court. 33 U.S. Code § 1365(c)(3). Pursuant to 40 C.F.R. § 135.5(b), Plaintiffs will promptly serve a copy of the proposed consent judgment to the United States. The parties will then notify the Court when the 45-day period has expired, and request at that time that the proposed consent decree be entered.

23. Therefore, the Parties respectfully request that this Court consider the proposed Consent Decree attached as Exhibit A and enter it at the conclusion of the 45-day period.

DATED: February 2, 2021

Respectfully submitted,

CONSERVATION LAW FOUNDATION, INC.,

By its attorneys,

/s/ *Ian D. Coghill*
Heather Govern, BBO # 688482
Ian D. Coghill, BBO # 685754
Conservation law Foundation
62 Summer Street
Boston, MA 02110
(617) 850-1765
(617) 850-1739
hgovern@clf.org
icoghill@clf.org

Christopher M. Kilian, *pro hac vice*
Conservation Law Foundation

15 East State Street, Suite 4
Montpelier, VT 05602
(802) 223-5992 x4015
ckilian@clf.org

LONGWOOD VENUES & DESTINATIONS, INC., WYCHMERE HARBOR REAL ESTATE, LLC, WYCHMERE SHORES CONDOMINIUM TRUST, JEFFREY M. FEUERMAN, JOSEPH F. MCKENNEY, BARRY J. GOLDY, BEACH CLUB MANAGEMENT, LLC, HARBOR CLUB MANAGEMENT, LLC, ATLAS INVESTMENT GROUP, LLC, and WYCHMERE HOLDINGS CORP.,

By their attorneys,

*/s /Emily Kanstroom Musgrave*
Jeffrey R. Porter, BBO # 552520
Andrew N. Nathanson, BBO # 548684
Emily Kanstroom Musgrave, BBO # 678979
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241
JRPorter@mintz.com
ANNathanson@mintz.com
EKMusgrave@mintz.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2021, the foregoing document was filed through the ECF system, by which means a copy of the filing will be sent electronically to all parties registered with the ECF system.

*/s/ Ian D. Coghill*
Ian D. Coghill

105526668v.6